# PIN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **FRANKLIN W. DAVIS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00678 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ROANOKE PUBLIC DEFENDERS, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Franklin W. Davis, Pro Se Plaintiff.*

The plaintiff, Franklin W. Davis, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants caused him to be wrongfully arrested, convicted, and imprisoned. After review of the Complaint, I conclude that the action must be summarily dismissed.

Liberally construed, Davis alleges that his trial attorney provided ineffective assistance by failing to call his "star witness" to testify that the witness and Davis had agreed for Davis and his girlfriend to rent the house where they were arrested. Davis allegedly had to enter the house through the window only because the prior owner had lost the keys. Neither the neighbor who accosted Davis at that house, nor the police who responded to the neighbor's call, believed Davis when he said that he was renting the house. Davis alleges that the police unlawfully arrested him and his girlfriend without investigating the facts he conveyed to them.

After Davis' defense attorney refused to call the star witness at trial, Davis was convicted, and the judge sentenced him to a six-year prison term, with all but two-and-a-half years suspended. Sometime thereafter, Davis was released from incarceration and placed on probation, violated the terms of that probation, and was sentenced to serve more prison time. While in court on the probation revocation issue, Davis learned that his probation had been abruptly terminated. He interpreted this fact as evidence that "the truth of [his] innocence came out somehow and terminating [his] probation all of a sudden was to cover up [his] trial and conviction." Compl. 4, ECF No. 1. He appears to claim that the star witness and the plaintiff were acquainted with each other and colluded to obtain insurance money from the incident, but that Davis' attorney knew of, and failed to present this collusion to the court. As relief in this § 1983 case, Davis seeks such relief as "normally sought in a civil complaint." *Id.* at 2.

Under 28 U.S.C. § 1915A(a), "[t]he court shall review, . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court shall dismiss such a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915A(b)(1). A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face," and although the court must "take the facts in the light most favorable to the

plaintiff," the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[1] To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, one group of defendants whom Davis has named, the Roanoke public defenders, are not subject to suit under § 1983, because they were not acting under color of state law. It is well established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

In addition, the other defendants whom Davis has named enjoy absolute immunity against his § 1983 claims for monetary damages. Judges have absolute immunity from claims arising out of their judicial actions. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). A prosecutor also has absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *Van de Kamp v. Goldstein*, 555 U.S. 335,

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

342 (2009). For example, when a prosecutor takes steps to initiate judicial proceedings or conducts a criminal trial, absolute immunity applies. *Id.* at 343.

From Davis' brief allegations, it appears clear that he has no § 1983 claim against any public defender and that the judge and prosecutor he has named as defendants are absolutely immune against his claims for monetary damages for their actions of which he complains, taken in their respective roles in the judicial process.

Furthermore, Davis has not shown that he can bring claims for monetary damages against anyone involved in his state court criminal proceedings. Davis apparently complains that the defendants' actions somehow caused him to be wrongfully convicted. Claims of this nature, challenging the fact or the duration of the plaintiff's confinement, are not actionable under § 1983 unless the judgment imposing the term of confinement has been overturned or set aside. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* (footnote omitted).

If Davis could prove, as he alleges, that the defendants' actions caused him to be wrongfully convicted, such findings would necessarily imply that the state court judgments under which he is now incarcerated were in error. Because Davis offers no evidence that any judgment or judgments against him have been overturned or expunged, any cause of action for damages that he may have against anyone for wrongful actions that contributed to the procurement of a judgment have not yet accrued. *Id.* Therefore, Davis' §1983 claims against the defendants for allegedly contributing to the cause of his allegedly unlawful confinement are not yet actionable under § 1983.

For the stated reasons, I will dismiss this civil action without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim upon which relief could be granted.

A separate Order will be entered herewith.

DATED: February 8, 2023

/s/  JAMES P. JONES
Senior United States District Judge